AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of the Persons of Stephen Hayko. | Case No. 25-9475 MB<br><br>**(Filed Under Seal)** |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A-3.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before   11/04/2025   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for <u>30</u> days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   10/21/2025 @ 4:25pm      *ESWillett*
                                                  *Judge's signature*

City and state: <u>Phoenix, Arizona</u>          <u>Honorable Eileen S. Willett, U.S. Magistrate Judge</u>
                                                *Printed name and title*

## ATTACHMENT A-3
*Person To Be Searched*

### DESCRIPTION AND PHOTOGRAPH OF STEPHEN HAYKO

The person to be searched is Stephen Hayko, along with any bags and cellular telephones that he has with him at the time of the search. He is a white male, born XX/XX/1969, who is approximately 5' 6" tall, with a last known address of 32032 North 69th Street, Scottsdale, AZ 85266. A photograph of Stephen Hayko appears below:



## ATTACHMENT B
*Property To Be Seized*

The items to be seized are instrumentalities, evidence, and fruits of violations of 18 U.S.C. §§ 371, 1347, 1956, and 1957, and 42 U.S.C. § 1320a-7b(b), for the period of May 1, 2021, to the present, including the following records relating to Oska Pulse Pain Relief Devices and Diagnostic/Arthrogram Pain/Procedure Injection Trays/Kits:

1. Any evidence of health care fraud, bribery/kickbacks, laundering monetary instruments, or conspiracy to commit offenses or defraud the government with respect to the Oska Pulse Pain Relief Device, Diagnostic/Arthrogram Pain/Procedure Injection Trays/Kits, or the PalinGen Flow, including:

   a. All data, notes, documents, records, property, or correspondence, in any format and medium, whether tangible or intangible, (including, but not limited to, ledgers, books, notebooks, binders, photographs, scrap papers, envelopes, letters, memorandums, business correspondence, papers, e-mail messages, chat logs and electronic messages, and handwritten notes) associated with the U.S. Department of Veterans Affairs ("VA"); the U.S. Food and Drug Administration ("FDA"); Amnio Technology, LLC; Arizona Orthopedic Services, LLC; Precision Biologic Technologies, LLC; Oska, Inc.; Jett Medical, LLC; B&B Health Services, LLC; Sun Valley Medical Solutions, LLC; B2B Wellness Center, LLC; Delbridge Medical, LLC; Clearway Consulting, LLC; Brinley Holdings, LLC; Scottsdale Cell Therapy; HPO Tech; Anderson Advisors; relating to, or being an instrumentality of, any

attempt or violation of 18 U.S.C. §§ 371, 1347, 1956, 1957, or 42 U.S.C. § 1320a-7b(b);

    b.    All notes, documents, records, or correspondence, in any format or medium (including, but not limited to, ledgers, books, notebooks, binders, photographs, scrap papers, envelopes, letters, memorandums, business correspondence, papers, e-mail messages, chat logs and electronic messages, and handwritten notes) concerning the receipt, transmission, or possession of Government funds derived via a violation of Title 18, U.S.C. §§ 371, 1347, 1956, 1957, or 42 U.S.C. § 1320a-7b(b);

    c.    All notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals regarding violations or attempts to violate the provisions of Title 18, U.S.C. §§ 371, 1347, 1956, 1957, or 42 U.S.C. § 1320a-7b(b), in order to defraud or commit an offense against the FDA, the VA, or other government entities, to include all federal, state, county, and municipal governments;

    2. Any evidence of engaging in monetary transactions in property or proceeds derived from specified unlawful activity, including, but not limited to:

    a.    All notes, documents, records, or correspondence, in any format or medium (including, but not limited to, email messages, chat logs and electronic messages, other digital data files and web cache information) concerning financial

transactions derived via a violation of 18 U.S.C. §§ 371, 1347, 1956, 1957, and 42 U.S.C. § 1320a-7b(b).

      b.      Financial records associated with Clearway Consulting, B2B Wellness Center, Sun Valley Medical Solutions, Scottsdale Cell Therapy, and Delbridge Medical, and/or their respective owners, including, bank account records, deposit statements, deposit slips, receipts, checks, ledgers, cash receipt books, bank statements, bank books, check books, check registers, savings pass books, withdrawal slips, Certificate of Deposit (CD) documents, wire transfers, cashier's checks, money orders, financial statements, credit applications, loan documents, loan payments, loan statements, invoices, bills, payroll records, currency, safe deposit box records and keys, and records of potential targets, as well as all documents evidencing a relationship among Clearway Consulting, B2B Wellness Center, Sun Valley Medical Solutions, Scottsdale Cell Therapy, and Delbridge Medical, their respective owners, and/or their respective employees/associates.

      c.      Accounting records, specifically, financial statements, ledgers, journals, check register notes, correspondence and other books and records associated with Clearway Consulting, B2B Wellness Center, Sun Valley Medical Solutions, Scottsdale Cell Therapy, and Delbridge Medical, and/or their respective owners.

      3. All documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to current

occupancy or ownership of the premises, including rental or lease agreements, mortgage documents, rental or lease payments, utility and telephone bills, mail envelopes, or addressed correspondence.

4. Locked safe(s), located inside the premises capable of containing the property to be seized.

5. Computers, cellular telephones, tablets, and other media storage device, such as a thumb drive, CD-ROM, DVD, Blu Ray disk, memory card, or SIM card (hereafter collectively referred to as "electronic storage media"). Records evidencing ownership or use of the electronic storage media, including sales receipts, registration records, and records of payment.

6. Records and information found within the digital contents of any electronic storage media seized from the premises, including:

   a. all information related to health care fraud, bribery/kickbacks, laundering monetary instruments, or conspiracy to commit offenses or defraud the government with respect to the Oska Pulse Pain Relief Device, Diagnostic/Arthrogram Pain/Procedure Injection Trays/Kits, or the PalinGen Flow;

   b. all information related to engaging in monetary transactions in property or proceeds derived from specified unlawful activity;

   c. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts,

"chat," instant messaging logs, photographs, correspondence, and phonebooks;

  d. evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

  e. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

  f. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

  g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

  h. evidence of the times the electronic storage media were used;

  i. passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

  j. documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

  k. records of or information about Internet Protocol addresses used by the electronic storage media;

  l. records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search

engine, and records of user-typed web addresses; and

      m.    contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.

During the execution of the search of the premises described in Attachment A, law

enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 25-9475MB | 10/22/2025 6:49 a.m. | Steve Hayko |

Inventory Made in the Presence of:

N/A

Inventory of the property taken and name of any person(s) seized:

None

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:  10/22/2025

Executing officer's signature

GILBERT B. BESANA, Special Agent

Printed name and title